858 F.2d 122
 Kevan BERKOVITZ, a minor, by his parents and natural
guardians, Arthur BERKOVITZ, his wife, Donna
Berkovitz, and Arthur Berkovitz and
Donna Berkovitz, in their own right
v.
UNITED STATES of America, Appellant.
 No. 86-3444.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 19, 1987.
Decided Sept. 30, 1988.
Certiorari Granted Jan. 11, 1988.
See 108 S.Ct. 692.
On Remand from the Supreme Court
of the U.S. July 29, 1988.
Opinion Filed Sept. 30, 1988.
 
 Richard K. Willard, Asst. Atty. Gen., J. Alan Johnson, U.S. Atty., Nanette R. Everson, Sp. Counsel; John F. Cordes, Atty., Civil Div., U.S. Dept. of Justice, of counsel; Ann H. Wion, Associate Chief Counsel for Enforcement Food and Drug Admin., Rockville, Md., for appellant.
 Daniel M. Berger, Ellen M. Viakley, Berger Kapetan Malakoff & Meyers, P.C., Pittsburgh, Pa., Stanley P. Kops, Walter Kyle, Adler and Kops, Philadelphia, Pa., for appellees.
 Before HIGGINBOTHAM and SLOVITER, Circuit Judges, and ROTH, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 This case is before us on remand from the United States Supreme Court. This suit was brought by and on behalf of Kevan Berkovitz against the United States under the Federal Tort Claims Act (FTCA) alleging that the Division of Biologic Standards of the National Institute of Health (DBS) was negligent in licensing Lederle Laboratories to produce Orimune, a live polio vaccine, and that the Bureau of Biologics of the Food and Drug Administration (Bureau) was negligent in approving the release of the lot of vaccine that contained the dose administered to Kevan Berkovitz which allegedly was responsible for his contracting paralytic poliomyelitis. The government filed a motion to dismiss alleging that the suit was barred by the discretionary function exception of the FTCA, 28 U.S.C. Sec. 2680(a). The district court denied the motion. This court, on the government's interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b), relied on United States v. Varig Airlines, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), in holding that the suit was barred. Berkovitz v. United States, 822 F.2d 1322 (3d Cir.1987).
 
 
 2
 The Supreme Court granted certiorari, 484 U.S. ----, 108 S.Ct. 692, 98 L.Ed.2d 645 (1988), and reversed. Berkovitz v. United States, --- U.S. ----, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). The Court rejected (as we did) the government's argument that the discretionary function exception bars all claims arising out of the regulatory activities of federal agencies. The Court then examined the allegations of Berkovitz' complaint and held that dismissal was not appropriate.
 
 
 3
 The Court held that "the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Id. at 1958. With respect to Berkovitz' claim based on the DBS' issuance of a license to Lederle to produce Orimune, the Court noted that the regulatory scheme required the DBS to examine the product and determine that the product complies with all regulatory standards. Thus, the Court held that the Berkovitz' allegation that DBS issued the product license without first receiving the required data from the manufacturer stated a viable FTCA claim because the DBS has no discretion to issue a license without receiving the required test data. Id. 108 S.Ct. at 1962. Moreover, the Court held that although the Berkovitz' contention that the DBS licensed Orimune even though the vaccine did not comply with certain regulatory safety standards was not entirely clear, if the Berkovitz' contention was that the DBS licensed Orimune either without determining whether the vaccine complied with regulatory standards or after determining that the vaccine failed to comply, the claim should not have been dismissed because it charges a failure on the part of the agency to perform its clear duty under federal law, and thus is not barred by the discretionary function exception. Id. at 1962-63. On the other hand, if the Berkovitz' claim is that the DBS incorrectly determined that Orimune complied with regulatory standards, the Court held the district court must decide whether agency officials appropriately exercised policy judgment in determining that a vaccine product complies with the relevant safety standards. Id. at 1963.
 
 
 4
 The Court then considered the second of Berkovitz' broad claims, that alleging that the Bureau violated federal regulations and policy in approving the release of the particular lot of Orimune at issue. The Court held that under Varig Airlines, "the discretionary function exception bars any claims that challenge the Bureau's formulation of policy as to the appropriate way in which to regulate the release of vaccine lots," but "if the Bureau's policy leaves no room for an official to exercise policy judgment in performing a given act, or if the act simply does not involve the exercise of such judgment, the discretionary function exception does not bar a claim that the act was negligent or wrongful." Id. at 1964. Berkovitz alleges that notwithstanding the Bureau's adoption of a policy of testing all vaccine lots to see if they comply with safety standards and preventing the distribution of non-complying lots, the Bureau's employees knowingly approved the release of a non-complying lot. These allegations survive a motion to dismiss because the challenged action allegedly involved no policy discretion. Id.
 
 
 5
 In light of the Supreme Court's opinion, we will remand this case to the district court for further proceedings.
 
 
 
 *
 Hon. Jane R. Roth, United States District Court for the District of Delaware, sitting by designation